AO 245B (Rev. 09/11)( VAED rev. 2) Sheet 1 Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA

v.

Case Number:   1:12CR00003-008

ANDRUS NOMM

USM Number:   Unknown

Defendant's Attorney:   Alan Yamamoto, Esquire

Defendant.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 2s of the Superseding Indictment.

Accordingly, the defendant is adjudicated guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Commit Copyright Infringement | Felony | 01-19-2012 | 2s |

On motion of the United States, the Court has dismissed Counts 1s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, and 13s of the Superseding Indictment as to defendant ANDRUS NOMM.

As pronounced on February 13th, 2015, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 13th day of February, 2015.

Liam O'Grady
United States District Judge

AO 245B (Rev. 09/11)(VAED rev. 2) Judgment in a Criminal Case    Case 1:12-cr-00003-LO    Document 205    Filed 02/13/15    Page 2 of 10 PageID# 2564    Page 2 of 6

Sheet 2 - Imprisonment

| | |
|---|---|
| **Defendant's Name:** | **NOMM, ANDRUS** |
| **Case Number:** | **1:12CR00003-008** |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE (1) YEAR, PLUS ONE (1) DAY, with credit for time served (33 days) while in custody in the Netherlands and the United States.

The Court makes the following recommendations to the Bureau of Prisons:

    1) that the defendant be designated to Ft. Dix, New Jersey, to be near family.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____
at_____, with a certified copy of this Judgment.


_____
UNITED STATES MARSHAL

By            _____
DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| Defendant's Name: | NOMM, ANDRUS |
| Case Number: | 1:12CR00003-008 |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| Defendant's Name: | NOMM, ANDRUS |
|---|---|
| Case Number: | 1:12CR00003-008 |

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall comply with the standard conditions of supervised release as directed by the probation officer.

2) The defendant shall abide by all conditions in the plea agreement.

| | | | |
|---|---|---|---|
| **Defendant's Name:** | NOMM, ANDRUS | | |
| **Case Number:** | 1:12CR00003-008 | | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | **Count** | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|---|
| | 2s | $100.00 | $0.00 | $0.00 |
| | | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | | **$100.00** | **$0.00** | **$0.00** |

## FINES

No fines have been imposed in this case.
The Court waives the cost of prosecution, imprisonment and supervised release.

Defendant's Name:     **NOMM, ANDRUS**
Case Number:          **1:12CR00003-008**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

The defendant shall forfeit the defendant's interest in the following property to the United States:

    SEE Consent Order of Forfeiture entered by the Court on February 13, 2015.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

IN THE UNITED STATES DISTRICT COURT FOR THE

FEB 1 3 2015

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA     )
     )
     v.     )     Criminal No. 1:12-cr-3
     )
ANDRUS NOMM,     )
     )
     Defendant.     )

## CONSENT ORDER OF FORFEITURE

WHEREAS, on February 13, 2015, the defendant, ANDRUS NOMM, pled guilty to Count 2 of the Superseding Indictment charging the defendant with conspiracy to commit copyright infringement, in violation of Title 18, United States Code, Section 371, and agreed to the forfeiture of all copyright infringement related assets that are traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense, or facilitating property or property involved in the offense, including but not limited to all funds in The HongKong and Shanghai Banking Corporation Limited (HSBC) account number 083763078833, held in the name of Andrus Nomm.

WHEREAS, the reasonably foreseeable proceeds of the offense of conviction were at least $175 million (USD).

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to notice in the Superseding Indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.   Pursuant to Fed. R. Crim. P. 32.2(b)(1), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 2323(a) & (b), and 28 U.S.C. § 2461(c), the United States of America shall have a money judgment for $ 175 million (USD) against the defendant, ANDRUS NOMM.

2.   The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

3.   In partial satisfaction of the money judgment, the following property shall be forfeited to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 2323(a) & (b), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), as property that is traceable to, derived from, fungible with or a substitute for property that constitutes the proceeds of the offenses, or as property that was used, or intended to be used, to commit or facilitate the offenses of conviction:

> All funds in The HongKong and Shanghai Banking Corporation Limited (HSBC) account number 083763078833, held in the name of Andrus Nomm.

4.   The Attorney General, Secretary of the Treasury, The Secretary of Homeland Security, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

5.   The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov , for 30 consecutive days, and to the extent

2

practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

6.   This Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4) and 21 U.S.C. § 853(a).

7.   Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

8.   If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

9.   If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

_____ /s/
Liam O'Grady
United States District Judge

3

Dated this _13_ day of February 2015.

WE ASK FOR THIS:

Dana J. Boente
United States Attorney

By: _____

Jay V. Prabhu
Assistant United States Attorney

_____

Andrus Nomm
Defendant

_____

Alan H. Yamamoto, Esq.
Counsel for Defendant

4